DONALD GERALD, JR.                          CIVIL ACTION

VERSUS                                      No. 09-2989

HOSPITALITY PROPERTIES TRUST, ET AL.        Section I/1

## ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Donald Gerald, Jr. ("Gerald"), on the ground that this Court lacks subject matter jurisdiction. For the following reasons, plaintiff's motion to remand is **GRANTED.**

## BACKGROUND

On February 3, 2009, Gerald filed a petition in Orleans Parish Civil District Court against the Residence Inn by Marriott, L.L.C. ("Residence Inn") and two hotel managers,[1] alleging that he sustained severe injuries to his back when he slipped and fell while walking to his room at the Residence Inn in New Orleans.[2] Gerald's petition alleges that the hotel's flooring, which consisted of painted concrete, was "extremely slippery" due to accumulated condensation resulting from defective design and negligent maintenance of the flooring.[3]

---

[1] Gerald's petition also named Hospitality Properties Trust and Marriott International, Inc. However, these defendants were dismissed without opposition. Rec. Doc. No. 15.

[2] Rec. Doc. No. 1-2, paras. 5, 7, 12.

[3] *Id.* at paras. 5, 6, 7.

Gerald's petition further alleges that in anticipation of a significant drop in temperature and humidity, general manager, Tony Welch ("Welch"), and front office manager, Martha T. Bullock ("Bullock"), made a decision to have plastic covering placed on an "iron gate that would have normally allowed additional air flow and reduced condensation."[4] According to Gerald's petition, the change in weather did not occur and Welch's and Bullock's failure to have the plastic covering removed from the gate "exacerbated" the hazardous condition of the flooring by causing additional condensation to accumulate in the area where Gerald slipped.[5]

Gerald also alleges that the hotel was negligent by failing to provide a safe walkway, by constructing or maintaining the walkway in a hazardous condition, by failing to provide mats or rails, by failing to take steps to ensure that the walkway remained dry, and by failing to reduce the slipperiness.[6]

With respect to Welch and Bullock, Gerald alleges that the managers were negligent by "[f]ailing to compile, promulgate and/or enforce policies which would have insured that": (1) steps were taken to improve the safety of the walkway,(2) steps were taken to prevent, eliminate or reduce the hazards on the premises, (3) mats were placed on the floor in light of the hotel's knowledge of the

---

[4]*Id.* at paras. 7, 8.

[5]*Id.* at paras. 7, 8, 10.

[6]*Id.* at para. 10.

walkway's hazardous condition, (4)steps were taken to ensure that patrons could safely traverse the slippery walkway, (5) steps were taken to keep the walkway dry, and (6) steps were taken to reduce the slipperiness of the walkway.[7]

On March 4, 2009, Residence Inn removed this lawsuit to this Court.[8] The removal notice alleges that Gerald is domiciled in Louisiana and that Residence Inn is domiciled in Delaware with its principal place of business in Maryland.[9] The notice acknowledges that both Welch and Bullock are domiciled in Louisiana, but contends that both defendants were "fraudulently joined" for the purpose of destroying diversity jurisdiction.[10]

Gerald filed this motion to remand on the ground that his citizenship is not diverse from the citizenship of either Bullock or Welch. Gerald argues that joinder of Welch and Bullock is not improper because he has alleged valid claims of personal liability under Louisiana law.[11] Residence Inn responds that Bullock and Welch

---

[7]*Id.* at paras. 10, 11. The Court notes that plaintiff numbered two paragraphs as number "10."

[8]Hospitality Properties Trust and Marriott International, Inc. also joined in the removal. Rec. Doc. No. 1.

[9]Rec. Doc. No. 1, paras. 2, 4. The Court notes that the citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). If its members include corporations, then the state of incorporation and principal place of business of each corporate member is determinative. *See* 28 U.S.C. 1332(c); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[10]*Id.* at paras. 5, 6.

[11]Rec. Doc. No. 10-2, p. 5.

had only administrative responsibilities with respect to the maintenance of the hotel's premises and that, therefore, they cannot be held personally liable under Louisiana law.[12]

**LAW AND ANALYSIS**

**I.  STANDARDS OF LAW**

    **A.  MOTION TO REMAND**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

    **B.  IMPROPER JOINDER**

There are two ways to establish improper joinder: (1) actual

---

[12]Rec. Doc. No. 14, p. 5.

fraud in the pleading of jurisdictional facts, or (2) inability of
the plaintiff to establish a cause of action against the non-
diverse party.  *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573
(5th Cir. 2004) (en banc).[13]  In *Smallwood v. Illinois Central
Railroad*, the United States Court of Appeals for the Fifth Circuit
restated the law with respect to the second method of establishing
improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the
> defendant has demonstrated that there is no possibility
> of recovery by the plaintiff against an in-state
> defendant, which stated differently means that there is
> no reasonable basis for the district court to predict
> that the plaintiff might be able to recover against an
> in-state defendant.  To reduce possible confusion, we
> adopt this phrasing of the required proof and reject all
> others, whether the others appear to describe the same
> standard or not.
>
> There has also been some uncertainty over the proper
> means for predicting whether a plaintiff has a reasonable
> basis of recovery under state law.  A court may resolve
> the issue in one of two ways.  The court may conduct a
> Rule 12(b)(6)-type analysis, looking initially at the
> allegations of the complaint to determine whether the
> complaint states a claim under state law against the in-
> state defendants.  Ordinarily, if a plaintiff can survive
> a Rule 12(b)(6) challenge, there is no improper joinder.
> That said, there are cases, hopefully few in number, in
> which a plaintiff has stated a claim, but has misstated
> or omitted discrete facts that would determine the
> propriety of joinder.  In such cases, the district court
> may, in its discretion, pierce the pleadings and conduct
> a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d

---

[13]The majority opinion in *Smallwood* adopted the term "improper joinder" in
lieu of the term "fraudulent joinder."  *Smallwood*, 385 F.3d at 571 n.1.

644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.,* 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

## II. <u>DISCUSSION</u>

Under Louisiana law, a corporate officer or employee, "like all persons, has a general duty to exercise due care so as to avoid injuries to third persons." *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994)(citing *Canter v. Koehring*, 283 So. 2d 716, 722 n.7 (La. 1973)). Moreover, in *Canter*, the Louisiana Supreme Court held that a corporate officer or employee can also be held individually liable to a third person "where the duty breached arises solely because of the employment relationship" so long as the following conditions are satisfied:

> 1. The principal or employer owes a duty of care to the third person...breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances–whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 936; *see also Tudbury v. Galloway*, No. 91-1719, 1991 WL 112013, at *1 (E.D. La. June 14, 1991)(Livaudais, J.)(analyzing a corporate employee's "independent, personal duty to a customer" in accordance with the *Canter* criteria); *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (W.D. La. 1995)("It is well-established that in order for an individual employee to be liable to a third person, the plaintiff must show that the employee breached an independent, personal duty to the customer."). "If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable." *Ford*,

32 F.3d at 936(citing *H.B. "Buster" Hughes, Inc. v. Bernard*, 318 So. 2d 9, 12 (La. 1975)).

Residence Inn argues that Gerald does not have a reasonable basis for recovery under *Canter* because Bullock and Welch did not breach any personal, independent duties to Gerald as they were only administratively responsible for the maintenance of the hotel's premises. In support of its argument, Residence Inn directs the Court to the "majority of plaintiff's claims" that the managers "failed to compile, promulgate and/or enforce policies."[14] Residence Inn argues that these claims refer to the managers' "administrative duties" and that any actual performance of maintenance would have been performed by subordinate employees, not by the managers.[15]

Notwithstanding, Residence Inn fails to address the fact that Gerald's petition does allege specific actions taken by Bullock and Welch. With respect to both Bullock and Welch, the petition alleges that the managers made the decision to have plastic covering placed on an iron gate, which allegedly limited airflow and contributed to the accumulation of condensation on the floor where Gerald slipped.[16] The petition further alleges that the managers failed to have the plastic covering removed when the temperature and humidity did not drop and that the resulting condensation contributed to

---

[14]Rec. Doc. No. 14, p. 4.

[15]*Id.*

[16]Rec. Doc. No. 1-2, paras. 7, 8.

Gerald's fall. Finally, Gerald's petition alleges that the managers made these decisions when they "knew that there were problems with condensation on the flooring."[17] Therefore, despite the focus of the "majority of plaintiff's claims" on the managers' administrative responsibilities, Gerald also asserts a claim that these managers were personally at fault for their decision to have the plastic covering placed on the gate and their failure to have the same removed.

Gerald's claims, unlike those made by plaintiffs in other cases, are not limited to allegations that Welch and Bullock are responsible merely because they were managers. *See e.g., Carter v. Wal-Mart Stores, Inc.*, No. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005)("[T]here are no allegations here that [the store manager] actively contributed in any way to the allegedly defective condition of the shelf...This is a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for the performance of some function of employment.'"(quoting *Canter*, 283 So. 2d at 721)); *Tubury*, 1991 WL 112013, at *1 ("The plaintiff does not allege that [a store manager] caused the spill or saw the spill and neglected to clean it, but that there was a foreign substance on the floor and that K-Mart, as a merchant, had a duty to keep the aisles and passageways clear."); *Maxwell v. Monsanto Company*, No. 91-015, 1991 WL 42571,

---

[17]*Id.* at paras. 10, 11.

at *3 (E.D. La. Mar. 26, 1991)(Livaudais, J.)("The plaintiff does not allege that [the general supervisor] personally instructed her or insisted that she back up the truck to the loading area or that he himself designed the unsafe work area."). To the extent that Gerald claims that Welch and Bullock made the decision to have plastic covering placed on the gate, or instructed subordinate employees to place the plastic covering on the gate, his claims against them extend beyond a breach of "general administrative responsibilities" to a breach of their independent, personal duties.

Residence Inn has not overcome its heavy burden to show that there is no reasonable basis for Gerald to recover against either Welch or Bullock.[18] Therefore, Residence Inn has not demonstrated that either non-diverse manager was improperly joined.[19]

For the foregoing reasons,

**IT IS ORDERED** that the motion to remand is **GRANTED** and that the above-captioned matter shall be **REMANDED** to the Orleans Parish Civil District Court due to defendant's failure to establish this

---

[18]The Court notes that there must be a reasonable possibility of recovery and that a theoretical possibility is insufficient. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

[19]Residence Inn contends that because the Court may "pierce the pleadings" and consider summary judgment-type evidence, Gerald cannot rest on the allegations that he makes in his petition. While Residence Inn is correct that the Court ***may*** consider such evidence, Residence Inn fails to submit anything beyond the petition for the Court to consider. Accordingly, in the absence of any evidence challenging Gerald's allegations, the Court's determination is limited to a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573.

Court's subject matter jurisdiction.[20]

New Orleans, Louisiana, May <u>27th</u>, 2009.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[20] In light of the determination that the Court lacks subject matter jurisdiction over this matter, the Court need not address plaintiff's argument that the case should be remanded for failure to comply with procedural requirements for removal. Notwithstanding, the fact that Welch and Bullock have not joined in the removal would not compel remand as there is no evidence in the record that either manager has been served. *See Getty*, 841 F.2d at 1262-63("[I]f a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise it right to choose the state forum by making a motion to remand.").